RENDERED:  APRIL 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0005-MR

BRIAN ANDERSON, D.C.,
INDIVIDUALLY AND AS OWNER OF
KENTUCKY INJURY CHIROPRACTIC
& REHAB                                                                    APPELLANT


|  | APPEAL FROM JEFFERSON CIRCUIT COURT |
|---|---|
| v. | HONORABLE BRIAN C. EDWARDS, JUDGE |
|  | ACTION NO. 19-CI-004169 |


STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY                                                                       APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  Brian Anderson, D.C., individually and as owner of

Kentucky Injury Chiropractic & Rehab ("Appellant") appeals from an opinion and

order of the Jefferson Circuit Court granting summary judgment in favor of State

Farm Mutual Automobile Insurance Company ("Appellee").  Appellant argues that the circuit court erred in failing to conclude that Appellee should have directed payment of insurance benefits to himself as a medical provider rather than to the injured party.  Finding no error, we affirm the opinion and order on appeal.

## FACTS AND PROCEDURAL HISTORY

On May 16, 2016, Dallas Harris was driving an automobile insured by Appellee when it struck a pedestrian named Deidre Johnson.  After reporting the incident to Appellee and initiating a Motor Vehicle Reparations Act[1] ("MVRA") claim, Johnson began receiving chiropractic services from Appellant as a result of the accident.  Appellant provided $5,310.00 in services.

In payment for the chiropractic services she received, Johnson initially assigned to Appellant her right to any proceeds she might receive as a result of her claim against Appellee.  Before any payment was made to Appellant, Johnson's counsel, Hon. Mark Smith, directed Appellee to make payment jointly to Johnson and himself.  Appellee then paid Johnson and Smith.  No funds were paid to Appellant.  As a result, Appellant instituted the instant action against Appellee alleging a breach of its statutory duty to pay Appellant.[2]

---

[1] Kentucky Revised Statutes ("KRS") 304.39 *et seq*.

[2] Appellant also alleged that attorney Smith engaged in fraud, conversion, and misrepresentation. Appellant was granted summary judgment against Smith when Smith did not file a responsive pleading.  That matter is not now before us.

The matter proceeded in Jefferson Circuit Court, whereupon Appellee filed a motion for summary judgment. In support of the motion, Appellee argued that Appellant lacked standing to prosecute a direct action against Appellee based on *Neurodiagnostics, Inc. v. Kentucky Farm Bureau Mutual Insurance Company*, 250 S.W.3d 321 (Ky. 2008). Appellee also asserted that Appellant's claim was barred by the anti-assignment provision of the policy.

On December 8, 2020, the Jefferson Circuit Court entered an opinion and order granting Appellee's motion for summary judgment. Based on *Neurodiagnostics, Inc.*, *supra*, the court determined that Johnson's assignment of benefits was unenforceable because the MVRA does not provide for a direct cause of action by a treatment provider against a reparation obligor. This appeal followed.

## ARGUMENTS AND ANALYSIS

Appellant argues that the Jefferson Circuit Court erred in granting Appellee's motion for summary judgment. He maintains that the public policy considerations underlying the MVRA are undermined by payment of benefits to the wrong party. He asserts that he has suffered damages as a result of Appellee's payment of benefits to Johnson, and argues that he is entitled to a declaratory ruling that benefits were not properly paid to him by Appellee and remain due. While acknowledging that *Neurodiagnostics, Inc.*, prohibits a direct cause of action

by a medical provider against a reparations obligator, he contends that nothing prohibits a trial court from entering a declaratory judgment that a reparations obligor improperly failed to pay no-fault benefits to a medical provider.

The Jefferson Circuit Court granted summary judgment in favor of Appellee based on the court's conclusion that Appellant – as a third party medical provider – did not have standing to bring an action against Appellee for recovery of benefits under the policy entered into by Harris and Appellee. In finding that Appellant did not have standing, the Jefferson Circuit Court relied on *Neurodiagnostics, Inc.*, *supra*. In *Neurodiagnostics, Inc.*, the Kentucky Supreme Court considered a fact pattern similar to the one before us, and examined the question of whether the MVRA gave medical providers a cause of action against insurance providers. In finding that it did not, the court stated that,

> [a]mong the goals of the MVRA are to provide prompt payment of basic reparation benefits to victims of motor vehicle accidents and to help guarantee the continued availability of motor vehicle insurance at reasonable prices by a more efficient, economical, and equitable system of motor vehicle accident reparations. In 1998, the legislature instituted the process of allowing the insured to direct the payment of benefits among the different elements of loss. At the same time, the legislature repealed the provision of the MVRA that allowed an assignment of any right to benefits under the Act. *The repeal of the assignment provision took away any direct cause of action by the medical provider, and no other current provision of the MVRA can be construed to afford a direct cause of action to medical providers.*

*Neurodiagnostics, Inc.*, 250 S.W.3d at 329-30 (emphasis added).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure (CR) 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

When viewing the record in a light most favorable to Appellant and resolving all doubts in his favor, we conclude that the Jefferson Circuit Court correctly found that there were no genuine issues as to any material fact and that

Appellee is entitled to a judgment as matter of law. The Kentucky Supreme Court's holding in *Neurodiagnostics, Inc.*, disposes of Appellant's claim of error. Appellant is a medical provider as envisioned by the MVRA, and Appellee is a reparations obligor. Based on *Neurodiagnostics, Inc.*, Appellant does not have standing to maintain an action under the MVRA against Appellee. Appellant is not entitled to a declaratory judgment, as he has no standing to enforce such a judgment. Further, we are not persuaded by Appellant's argument that the payment of benefits to injured parties, rather than to medical providers, undermines the public policy of the MVRA. Per *Neurodiagnostics, Inc.*, the public policy of the Legislature, as expressed in the MVRA, includes the goal of "provid[ing] prompt payment of basic reparation benefits to victims of motor vehicle accidents[.]" *Neurodiagnostics, Inc.*, 250 S.W.3d at 329. Johnson is the victim of the motor vehicle accident and she received basic reparations benefits.

## CONCLUSION

The Kentucky Supreme Court's holding in *Neurodiagnostics, Inc.*, disposes of Appellant's claim, and the Jefferson Circuit Court properly so found. Appellant, as a third party medical provider, does not have standing to maintain an action against Appellee. For these reasons, we affirm the opinion and order of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Damon B. Willis
Louisville, Kentucky

BRIEF FOR APPELLEE:

Richard W. Edwards
Antonio R. Fernandez
Louisville, Kentucky